UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE


CIVIL ACTION NO. 09-32-GWU


BILL F. WELLS,                                                           PLAINTIFF,


VS.                            **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.


## INTRODUCTION

The plaintiff brought this action seeking a writ of mandamus to establish that the defendant violated a clear and non-discretionary duty to reopen and revise a 2002 decision by an Administrative Law Judge (ALJ).  Specifically, the plaintiff asserts that (1) the defendant had a duty to safekeep and archive his claim file from a 1983 application; (2) collateral evidence shows the existence of the 1983 claim upon which the defendant refuses to make a final decision; and (3) the defendant failed to comply with a court order directing him to obtain the prior claim file.  The defendant has filed a Motion to Dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, asserting that the plaintiff has failed to state a claim upon which relief can be granted.  The plaintiff filed a response and memorandum in support of summary judgment.  The court having reviewed the record, and being otherwise sufficiently advised, will grant the defendant's motion.

1

09-32  Bill F. Wells

## FACTUAL AND PROCEDURAL BACKGROUND

From the exhibits submitted by the parties, it appears that the plaintiff filed an application for Disability Insurance Benefits on December 8, 1997, alleging disability beginning March 1, 1984.  After an ALJ denial on February 26, 1999, and a subsequent Appeals Council determination that there was no basis for review, the plaintiff brought an action in this court, citing several alternative grounds for remand. One of the grounds was an assertion that he had filed prior claims in the early 1980s which could not be found, thus raising the possibility that his residual functional capacity in the 1997 application would be controlled by a previous final decision pursuant to the holding in Drummond v. Commissioner of Social Security, 126 F.3d 837 (6th Cir. 1997).  In response, the Commissioner filed a motion to enter judgment and to remand under Sentence Four of 42 U.S.C. § 405(g), citing the potential Drummond issue as one of the reasons.  Magistrate Judge James B. Todd granted the motion.   Wells v. Massanari, Pikeville Civil Action No. 01-04-JBT (October 29, 2001).  Judge Todd noted that the plaintiff gave six reasons in his brief for requesting the remand, but the order cited only Drummond as the specific basis for the remand.

The defendant's Appeals Council vacated the prior decision and remanded the case to the ALJ "for further proceedings consistent with the order of the court." The Appeals Council directed the ALJ to "[r]eview the record and remove all

2

evidence not pertaining to this claimant" and to "[o]btain the prior claim files and consider the record in light of <u>Drummond</u> . . . and [Acquiescence Ruling] 98-4(6)," as well as to provide the opportunity for a new hearing and "develop the record pursuant to 20 C.F.R. §§ 404.1512-404.1518 . . . ."

After a hearing, the ALJ issued a brief decision dated April 9, 2002, finding that the plaintiff had been under a disability commencing March 1, 1984, his alleged onset date, "based on the application filed on December 8, 1997."  Nothing is said about the <u>Drummond</u> issue, perhaps not surprisingly in view of the fact that the decision was fully favorable, or whether an attempt had been made to locate records of a prior claim.

Following the final April 9, 2002 ALJ decision, no action took place until January 10, 2005.  Counsel for the plaintiff obtained by some means during this period documents from the Ford Motor Company–UAW Retirement Board of Administration (the "Ford–UAW documents") consisting of an initial denial decision from the Social Security Administration dated December 16, 1983, an internal memo from Ford Motor Company dated February 10, 1984 indicating that the plaintiff, apparently an ex-Ford employee, had "re-filed" for Social Security, and a letter from the Ford–UAW Retirement Board to the "Disability Determination Service" in Lansing, Michigan, dated February 16, 1984, declining to release medical records pertaining to the plaintiff.

Upon receiving these documents, and realizing that they suggested that the plaintiff had filed for reconsideration of the December 16, 1983 initial denial, counsel for the plaintiff states that he notified the "operations supervisor" at the Prestonsburg, Kentucky Social Security Administration (SSA) District Office and supplied copies, but no response was received until May, 2006, despite monthly inquiries.  At that point, counsel avers that he was told to submit the newly discovered evidence to the ALJ and request a reopening of the prior application. He did so, on May 3, 2006--slightly over four years after the April 9, 2002 decision, and after having the documents in his possession for over a year.  The ALJ ruled that good cause for reopening "the 1984 application" did not exist, and denied the request.

The Appeals Council eventually denied a request for review on May 10, 2007, reasoning that any argument that the ALJ had not complied with the District Court's instructions to consider evidence in a prior disability claim had not been timely filed, and that a denial of any request for reopening of the prior claim was barred by the Commissioner's regulations, which state that a denial of a request to reopen a prior determination is not an initial determination that is subject to administrative review.   The Appeals Council rejected further arguments on September 28, 2007.  A further inquiry by counsel led to a January 6, 2009 letter from an SSA Assistant Regional Commissioner saying that there was no basis for

09-32  Bill F. Wells

authority to overrule the Appeals Council, and suggesting a suit against the SSA.

This action followed.

**DISCUSSION**

**1.  <u>Reopening</u>**

42 U.S.C. § 405(g) provides for judicial review of unfavorable administrative

decisions on claims arising under Title II.  Section 405(g) provides that:

> Any individual, after any final decision of the Commissioner made
> after a hearing  to which he was a party, irrespective of the amount in
> controversy, may obtain a review of such decision by a civil action
> commenced within sixty days after the mailing to him of such notice
> of decision or within such further time as the Commissioner may allow
> . . . .

42 U.S.C. § 405(h) explains that the review provided for in §405(g) is

exclusive:

> No findings of fact or decision of the Commissioner shall be reviewed
> by any person, tribunal, or governmental agency except as herein
> provided.  No action against the United States, the Commissioner, or
> any officer or employee thereof shall be brought under section 1331
> or 1346 of Title 28, United States Code, to recover on any claim
> arising under this sub-chapter.

Having a "final decision" is "central to the requisite grant of subject matter

jurisdiction . . . ." <u>Weinberger v. Salfi</u>, 422 U.S. 749, 764 (1975).  In order to obtain

a final decision, administrative remedies must be exhausted.  <u>Mathews v. Eldridge</u>,

424 U.S. 319, 328 (1976).  Because the Commissioner can deny a request to

reopen a prior final decision without providing a hearing, the Supreme Court has

5

held that such a denial is not reviewable.  Califano v. Sanders, 430 U.S. 99, 107-9 (1977).  The Court stated that:

> . . . the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the [Commissioner's] regulations and not the Social Security Act. Moreover, an interpretation that would allow a claimant judicial review simply by filing--and being denied--a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in [§ 405(g)], to impose a 60-day limitation upon judicial review of the [Commissioner's] final decision on the initial claim for benefits . . . . Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims.  Our duty, of course, is to respect that choice.

Sanders, 430 U.S. at 108 (emphasis added).  See also Parker v. Califano, 644 F.2d 1199, 1201 (6th Cir. 1981).

Given this background, the court finds that it is without jurisdiction to review the ALJ's denial of the request to reopen either the 2002 ALJ decision or the 1983 initial determination, without resort to the mandamus statute.

**2.  Mandamus**

28 U.S.C. § 1361 confers original jurisdiction on district courts of any action "in the nature of mandamus" to compel an officer, employee, or agency of the United States to perform a clear, non-discretionary duty owed to the plaintiff. Heckler v. Ringer, 466 U.S. 602, 616 (1984) (citations omitted); Buchanan v. Apfel, 249 F.3d 485 (6th Cir. 2001).  "The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable."  United States ex rel.

McLennan v. Wilbur, 283 U.S. 414, 420 (1931).  Although the Supreme Court has "declined to decide whether the third sentence of 42 U.S.C. § 405(h) bars mandamus jurisdiction over claims arising under the Social Security Act," Ringer, 466 U.S. at 616, the Sixth Circuit held that mandamus jurisdiction does exist where the Commissioner has a non-discretionary duty to follow case law and regulations. Buchanan, 249 F.3d at 492.

Therefore, the plaintiff must make a threshold showing that the Commissioner had a clear, non-discretionary duty "to reopen and revise its fully favorable decision of 4/9/02 based on the newly discovered evidence showing that Mr. Wells had an earlier active SSA claim back on 3/1/84," as Paragraph IX of the Complaint puts it.

The defendant sets out rules for reopening and revising decisions in the Code of Federal Regulations.  20 C.F.R. § 404.987(a) cautions that "[g]enerally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review and that determination or decision becomes final." However, § 404.988 provides that a decision may be reopened under certain specified circumstances.  Subsection (a) allows reopening within 12 months of the date of notice of the initial determination for any reason.  Subsection (b) allows reopening within four years, "if we find good cause, as defined in § 404.989, to

7

reopen the case."  Section 404.989 defines "good cause" as <u>inter alia</u> "[n]ew and material evidence."  Subsection (c) allows reopening at any time if it was "obtained by fraud or similar fault" or, if it was "wholly or partially unfavorable to a party, but only to correct clerical error or error that appears on the face of the evidence when the determination was made."

Clearly the plaintiff's May 3, 2006 request for reopening the April 9, 2002 decision came too late to fall under § 404.988(a) or (b).  Even though the ALJ may have erroneously interpreted the plaintiff's request as an attempt to reopen his application from the 1980s, the key point for the purposes of mandamus is that there was no clear duty to reopen any portion of a prior decision under these sections.

As previously noted, an action may be reopened at any time to correct a clerical error or error on the face of the evidence.  This language gives the Commissioner discretion to reopen a decision, but is not framed as a mandatory requirement.  The plaintiff cites certain sections of the defendant's Program Operations Manual System (POMS) which he alleges required reopening.  The reliance on the POMS in a mandamus context is misplaced.  While the Sixth Circuit and other court have cited the POMS as <u>persuasive</u> authority in certain circumstances, <u>see</u>, <u>e.g.</u>, <u>Drombetta v. Secretary of Health and Human Services</u>, 845 F.2d 607, 609 (6th Cir. 1987), this does not mean it binds the Commissioner.

09-32  Bill F. Wells

The POMS contains a disclaimer indicating that it "states only internal SSA guidance" and "is not intended to, does not, and may not be relied upon to create any rights enforceable at law by any party in a civil or criminal action."  SSA's Program Operations Manual System, Disclaimer, https://secure.ssa.gov/apps10/poms.nsf/aboutpoms (last visited September 2, 2009).  Appellate courts have consistently followed the Supreme Court's holding in Schweiker v. Hansen, 450 U.S. 785 (1981) that the SSA's "Claims Manual," an internal handbook for SSA employees, was "not a regulation," had "no legal force, and [did] not bind the SSA."  Id. at 789.  The Sixth Circuit has also held that interpretive rules or policy statements do not have a binding effect.  Dyer v. Secretary of Health and Human Services, 889 F.2d 682, 685 (6th Cir. 1989). Various courts of appeal have ruled that the provisions of the POMS specifically lack the force of law and create no judicially-enforceable rights.  Binder & Binder PC v. Barnhart, 481 F.3d 141, 151 (2d Cir. 2007); Hartfield v. Barnhart, 384 F.3d 986, 988 (8th Cir. 2004); Lowry v. Barnhart, 329 F.3d 1019, 1023 (9th Cir. 2003); Edelman v. Commissioner of Social Security, 83 F.3d 68, 71 n. 2 (3d Cir. 1996). Therefore, even assuming, for the purposes of the motion to dismiss, that the POMS sections cited clearly indicate that the ALJ's decision should have been reopened, the defendant's failure to do so does not satisfy the strict requirements for issuance of a writ of mandamus.

09-32  Bill F. Wells

Likewise, the plaintiff's suggestion that the SSA violated a duty to safekeep and archive his 1983-4 claims file does not provide a basis for a mandamus action. Although the plaintiff asserts that there is such a duty, he cites no statute, regulation, or case law in support. As the Ninth Circuit noted in Lowry, supra, "not every agency shortcoming is subject to correction in the courts." 329 F.3d at 1022. Although the failure to show a clear duty dooms any attempt to obtain mandamus on this issue, the court also notes that there is a practical reason behind the intent of Congress, as outlined by the Supreme Court in Hansen, to prevent the litigation of stale disability claims. It would be poor policy to clog the courts with lawsuits against the SSA any time it was not able to produce positive evidence that it had ruled on an application for benefits two decades before. This is especially true when, as here, the plaintiff concedes that he himself "lost track" of his 1983 application. If the defendant failed to rule on his application in 1984, he should have pursued the matter in a timely fashion.

3.  **Failure to Comply With Court Orders**

The plaintiff alleges that Judge Todd's 2001 remand order directed the defendant "to recover Mr. Wells' prior claim files," and proceeds to ask rhetorically:

> If the Commissioner's representations to this reviewing Court . . . can be deliberately ignored and violated as soon as the Court ends its jurisdiction over these cases as occurs when a sentence four remand [becomes] final then what is the true value of judicial review in these cases and how does (sic) the Court and Plaintiff remedy this situation? Additionally, how can the Court and the Plaintiff insure that

10

09-32  Bill F. Wells

the directives set forth by the U.S. District Court in this case be honored by the Commissioner?  Further, what remedy does the plaintiff have when the Commissioner's Appeals Council Remand Order to specifically locate and produce Mr. Wells' prior claim files is disregarded and then its failure to carry out those orders are concealed by the Commissioner's own misrepresentations?

As the plaintiff recognizes, the court relinquishes jurisdiction after a Sentence Four remand.  Marshall v. Commissioner of Social Security, 444 F.3d 837, 841 (6th Cir. 2006).  If the court's order is not followed by the ALJ, the correct administrative remedy, in all cases, is a timely request for review by the Appeals Council (which is also the proper forum to which a claimant should address complaints that the Appeals Council's previous directives have been disregarded).  20 C.F.R. §§ 404.967; 404.970; see generally Pohlmeyer v. Secretary of Health and Human Services, 918 F.2d 318, 320 (6th Cir. 1991).  If the Appeals Council declines to review, a complaint can be filed in District Court within 60 days.  20 C.F.R. § 404.981.  Counsel for the plaintiff chose not to address the ALJ's alleged violation of the court's Sentence Four remand order until several years had elapsed, making his objections untimely.  Counsel asserts that he did not have concrete information that there had indeed been a prior claim until 2005, in the form of the Ford-UAW documents, and would have had to be "omniscient" to file a timely request for review of the 2002 ALJ decision.  However, the Ford-UAW documents were not needed if the plaintiff believed the order of the court and the Appeals Council's instructions had been disregarded.

11

09-32  Bill F. Wells

In addition, the remand order's citation of <u>Drummond</u>, which held that the SSA was bound by findings in a previous, final determination absent evidence of an improvement in a claimant's condition, suggests that the purpose of investigating any prior claim was to determine whether the plaintiff's residual functional capacity in his current claim was consistent with any prior finding. Nothing was said in the court order, or the defendant's motion to remand, about launching a full-scale investigation into the possibility of a prior, open application. The ALJ's determination that the claimant was disabled back to his alleged onset date gave him all the relief he had requested and fulfilled the purpose of a <u>Drummond</u> remand. Therefore, the court sees no issue regarding a refusal to obey its order.

## CONCLUSION

The plaintiff has failed to establish the prerequisites to obtain a writ of mandamus. An order granting the defendant's Motion to Dismiss will be entered this day.

This the 20th day of October, 2009.



**Signed By:**

<u>*G. Wix Unthank*</u>

**United States Senior Judge**

12