UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 09-32-GWU

BILL F. WELLS, PLAINTIFF,

VS.   **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Currently before the court is the plaintiff's Motion for Relief Under F.R.C.P. 59(e). The plaintiff requests that the court consider an additional two exhibits that were omitted from his original pleadings, and revisits the issues on which the decision was made.

Fed. R. Civ. Proc. (59)(e) allows a motion to alter or amend a judgment only if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005) (citations omitted).

The two exhibits, designated #9 and #11, were not newly discovered, but counsel states that they "were excluded from Plaintiff's filing [Docket Entry No. 9] due to their size" and "[b]y the time Plaintiff['s] counsel had recognized their exclusion, and then was attempting to scan those [e]xhibits in sufficiently small

1

09-32  Bill F. Wells

segments, this Court's Order of 10/20/09 was issued." Plaintiff's Motion for Relief, Docket Entry No. 15, p. 1.  Counsel could have asked for an extension of time once he realized that the exhibits had been omitted, but did not do so.  Since the evidence is not newly discovered, it does not fall under the exception in Rule 59(e). Even so, a review indicates that much of the content is duplicative of matter already submitted and would be unlikely to form a basis for a different outcome.

      Second, the plaintiff argues that the court erroneously "dismiss[ed] the Commissioner's loss of the Plaintiff's 1983 application and claims file and the subsequent disinformation on this older claim as harmless error."  This is incorrect. The court's holding was that the plaintiff failed to carry his burden of showing that the Commissioner had a clear, non-discretionary duty to reopen his 2002 administrative decision based on evidence that there had been an unresolved earlier "claim prior to his onset date of March 1, 1984."

      The court will not go into detail in repeating the reasons for so finding, but a brief discussion is in order of the plaintiff's citation of Island Creek Coal Co. v. Holdman, 202 F.3d 873 (6th Cir. 2000).  The plaintiff asserts that the Sixth Circuit analogously found in this black lung case that Island Creek was "deprived of due process where it was unable to appeal an order to pay benefits because the federal agency lost the hearing file, failed to reconstruct the file, and allowed the claim to languish for 14 years . . . ."  Plaintiff's Motion for Relief at 1.  In that case, however,

09-32  Bill F. Wells

the government agency lost a crucial part of the record during an <u>ongoing</u> adjudication, conduct which the Sixth Circuit concluded affected Island Creek's "core" due process rights. <u>Id.</u> at 883-4. As the Commissioner points out, Island Creek diligently pursued its administrative remedies for over 16 years. In contrast, Mr. Wells allowed his 1983 claim to languish after 1984, until some evidence regarding the claim was discovered in 2005.[1] As the Tenth Circuit stated in discussing <u>Holdman</u>, "even in the criminal context, when the government destroys evidence not known to be exculpatory (for example, a blood sample that has not been tested), due process is not offended in the absence of prosecutorial bad faith. We do not imagine that the Due Process Clause holds the government to a higher standard when it seeks to require a coal company to pay disability benefits to one of its employees than when it seeks to deprive a citizen of his or her physical freedom." <u>Energy West Mining Company v. Oliver</u>, 555 F.3d 1211, 1270 (10th Cir. 2009) (citations omitted). The Tenth Circuit concluded that " . . . the mere failure to preserve evidence--evidence that may be helpful to one or the other party in some hypothetical future proceeding--does not violate the Fifth Amendment." <u>Id.</u>

---

[1] As discussed in the Memorandum Opinion, the possibility of a prior, final decision was raised as a basis for remanding the 1999 ALJ decision pursuant to <u>Drummond v. Commissioner of Social Security</u>, 126 F.3d 837 (6th Cir. 19997), but no attempt to revive any prior claim was made at that time.

09-32  Bill F. Wells

The court concludes that there have been no new law or facts which provide a basis for changing its decision.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Motion for Relief Under F.R.C.P. 59(e) is DENIED.

This the 23rd day of December, 2009.

Signed By:

*G. Wix Unthank*

United States Senior Judge